08-5495-ag
Chen v. Holder

BIA
A079 083 988

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of May, two thousand ten.

PRESENT:
             ROBERT A. KATZMANN,
             DEBRA ANN LIVINGSTON,
             GERARD E. LYNCH,
                    *Circuit Judges.*

_____

MEI ZHEN CHEN,
        *Petitioner*,

        v.                                     08-5495-ag
                                               NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Sheema Chaudhry, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General, Civil Division; Thomas B.
                       Fatouros, Senior Litigation Counsel;
                       Jeffrey R. Meyer, Attorney, Office
                       of Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Mei Zhen Chen, a native and citizen of the People's Republic of China, seeks review of the October 29, 2008, order of the BIA, which denied her motion to reopen. *In re Mei Zhen Chen*, No. A079 083 988 (B.I.A. Oct. 29, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Here, the BIA did not abuse its discretion in denying Chen's motion to reopen as untimely because she filed it over five years after the BIA issued its final order of removal. *See* 8 C.F.R. § 1003.2(c)(2).

To the extent Chen argues that the Chinese government's awareness of her violation of the family planning policy, her practice of Christianity and baptism in the United States, and her anti-government sentiments constitute changed country conditions, that argument lacks merit. The BIA reasonably viewed the motion as based on a change in personal

2

circumstances, which is not an exception to the applicable time limitations. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006); *see also Yuen Jin v. Mukasey,* 538 F.3d 143, 155 (2d Cir. 2008) (noting that a contrary rule would give aliens ordered removed an incentive "to disregard [those] orders and remain in the United States long enough to change their personal circumstances (*e.g.,* by having children or practicing a persecuted religion) and initiate new proceedings via a new asylum application.").

Moreover, contrary to Chen's argument, a reasonable factfinder would not be compelled to conclude that the BIA failed to consider her evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336-37 n.17 (2d Cir. 2006). Nor did the BIA err in declining to give weight to that evidence, including a purported village committee notice. *See Xiao Ji Chen*, 471 F.3d at 342. The BIA's finding in this respect was particularly appropriate given its prior adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk